IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| REGINALD HAMILTON, | ) | |
| TDCJ #1016555, | ) | |
|     Plaintiff, | ) | |
| | ) | 7:06-CV-043-O |
| v. | ) | |
| | ) | |
| DOUGLAS DRETKE, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendant Mooneyham, Williams and Otto's First Amended Motion for Summary Judgment* (Dkt. #49), their brief in support (Dkt. #50) and plaintiff's response thereto (Dkt. #58), and the court finds and orders as follows:

Preliminary review of defendants' motion for summary judgment reveals that defendants have not submitted any evidence in support of their motion. Rather, they rely solely upon the pleadings and papers filed in this action in seeking dismissal. Accordingly, the court will treat the defendants' motion as a motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[1]

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are a warden and two correctional officers at the Allred Unit. Plaintiff claims that defendants failed to

---

[1] "While it is ... appropriate to look beyond the pleadings to decide whether summary judgment should be granted, the converse is true when the question is whether the pleadings state a claim. It is black-letter law that '[a] motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings.'" *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 935 (5th Cir. 1988) (quoting *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985)).

protect him from an attack by his cellmate which occurred on September 26, 2004. *See Complaint.* He seeks monetary damages and injunctive relief.

To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

In their motion, defendants Mooneyham, Williams and Otto do not deny that plaintiff was involved in an altercation with his cellmate on September 26, 2004. *Brief in Support of Defendants Mooneyham, Williams and Otto's First Amended Motion for Summary Judgment p. 2 (hereinafter "Defendants' Brief in Support p. ___").* However, they deny that they were deliberately indifferent to a substantial risk of serious harm to plaintiff. *Id.* These defendants further assert their entitlement to qualified immunity and argue that plaintiff has failed to demonstrate personal involvement on the part of defendant Mooneyham. *Id.*

Citing plaintiff's answers to the court's questionnaire,[2] defendants argue that plaintiff seeks redress against Warden Mooneyham solely because of his supervisory position and that plaintiff has failed to state a viable civil rights claim against Mooneyham. *Defendants' Brief in Support p. 4.*

In his Complaint, plaintiff states that Mooneyham "is legally responsible for the operation of James V. Allred and for the welfare of the prisoners of that prison." *Complaint p. 22.* In his answers to the court's questionnaire, plaintiff states that Mooneyham "conspired knowingly with Mr. Mayo to cover up the seriousness of the assault" and that he failed to "move [plaintiff] prior to the incident when he interviewed [plaintiff] for promotion and denied [plaintiff's] advancement ... [e]ven after [plaintiff] had explain[ed] it to him." *Plaintiff's Answer to the Court's Question No. 7.* In his *Declaration in Opposition to Defendants' Motion for Summary Judgment* (Dkt #58), plaintiff states that, when he mentioned the situation with his cellmate to Mooneyham, he was told by Mooneyham to "take this up with Lt. Adkins and Capt. Taylor who both said it would be handled." *Plaintiff's Declaration in Opposition p. 1.*

In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the deprivation and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976).

---

[2] The court previously issued a questionnaire to plaintiff to give him an opportunity to expound on the factual allegations underlying his complaint. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming the use of a questionnaire as a useful and proper means for the court to develop the factual basis of a *pro se* plaintiff's complaint).

In the instant case, plaintiff has failed to allege any conduct on the part of Mooneyham which could have resulted in a denial of his constitutional rights. His allegations with regard to Mooneyham are conclusory in nature and, as such, fail to show any constitutional violation. Conclusory allegations are insufficient to state a cognizable claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Mooneyham was somehow involved in a conspiracy to cover up the assault, without more, is insufficient to maintain a civil rights claim. To the extent that plaintiff seeks redress against Mooneyham because of his position as a prison warden, he cannot prevail. Mooneyham cannot be held responsible for the alleged acts or omissions of his subordinates because here is no *respondeat superior* or vicarious liability in the context of a § 1983 claim. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Mooneyham is, therefore, entitled to judgment as a matter of law.

Next, defendants Jason Williams and Aaron Otto argue that plaintiff has failed to state facts which could demonstrate that they were deliberately indifferent to a serious risk of harm and that he has failed to overcome their entitlement to qualified immunity. *Defendants' Brief in Support pp. 5-6.* In his complaint, plaintiff alleges that he informed defendant Otto that his cellmate had threatened to cut his throat. Plaintiff claims that "Otto stated that he would check into it and see about moving one of [them] ... to no avail." *Complaint p. 9.* Plaintiff further alleges that Otto later told him, "if ain't nothing happen to you by now nothing will happen ..." *Complaint p. 10; see*

*Plaintiff's Answer to the Court's Question No. 17*. Plaintiff claims that he told defendant Williams about his cellmate's threats and that Williams told him "he would handle it the next day ... to no avail." *Complaint p. 9; see Plaintiff's Answer to the Court's Question No. 15*.

As discussed earlier, to prevail on a failure-to-protect claim, an inmate must show (1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that prison officials were deliberately indifferent to his need for protection. *Neals*, 59 F.3d at 533. To show deliberate indifference, an inmate must demonstrate that a prison official subjectively knew of and disregarded a substantial risk of harm to the inmate. *Farmer*, 511 U.S. at 837. In other words, the guard must actually draw the inference that there is a substantial risk of harm. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. "To sustain his constitutional claim, [the inmate] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993).

While it is unfortunate that inmates sometimes threaten to harm each other, such threats are common in prisons. Without more, this court cannot conclude that plaintiff faced an excessive risk to his safety. Even assuming *arguendo* that plaintiff had demonstrated and excessive risk to his safety and treating his factual allegations as true, plaintiff has failed to articulate facts which could demonstrate that defendant Williams or Otto actually drew the inference that he faced a risk of serious injury. Otto even expressed his subjective belief that plaintiff was not in danger when he said "if ain't nothing happen to you by now nothing will happen ...." *Complaint p. 10; see Plaintiff's Answer to the Court's Question No. 17*. To the extent, if any, that plaintiff is asserting a claim based

upon negligence, relief is unavailable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The court notes that, in his response to defendant's motion, plaintiff has included a sworn statement from another inmate, Adrian Guidry. Guidry states that he witnessed both plaintiff and his cellmate speak with prison guards about having problems with each other and that they both requested to be moved. He heard plaintiff's cellmate yell to Sgt. Otto and another guard that he would kill plaintiff if something was not done. Guidry states that plaintiff and his cellmate later fought, that plaintiff suffered cuts, and that plaintiff's cellmate appeared unconscious after the fight.

Guidry's statement does not address the question of deliberate indifference with regard to defendants. Therefore, it is immaterial to the issues presented in the instant motion. As such, and because the court has construed defendants' motion as a motion to dismiss rather than a motion for summary judgment, Guidry's statement need not be considered by the court.

When considering a motion to dismiss filed under Rule 12(b)(6), Federal Rules of Civil Procedure, the court must accept plaintiff's factual allegations as true and must construe the complaint in the light most favorable to the plaintiff. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___ , 127 S.Ct. 1955, 1969 (2007). However, a party seeking to avoid dismissal "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although the dismissal of claims under Rule 12(b)(6) is generally disfavored, the court should exercise its power to dismiss if the pleadings lack an allegation regarding an element required to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d

925, 931 (5th Cir. 1995) (citations omitted). In the instant case, Plaintiff has set forth no facts which could demonstrate that defendants were deliberately indifferent to his need for protection. Defendants Mooneyham, Williams and Otto are, therefore, entitled to judgment as a matter of law.

For the foregoing reasons, it is ORDERED that defendants' motion to dismiss is GRANTED. Plaintiff's claims against James Mooneyham, Jason Williams and Aaron Otto are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The clerk of court shall transmit copies of this order to plaintiff and to counsel for defendants.

SO ORDERED this 20th day of August, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**