IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

REGINALD HAMILTON, )
TDCJ #1016555, )
        Plaintiff, )
)    7:06-CV-043-O
v. )
)
DOUGLAS DRETKE, *et al.*, )
        Defendants. )

MEMORANDUM OPINION AND ORDER

Came on to be considered *Defendants Adkins and Taylor's Motion for Summary Judgment* (Dkt. #51), their brief in support (Dkt. #52) and plaintiff's response thereto (Dkt. #58), and the court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are correctional officers at the Allred Unit. Plaintiff claims that defendants failed to protect him from an attack by his cellmate which occurred on September 26, 2004. *See Complaint.* He seeks monetary damages and injunctive relief.

In their motion for summary judgment, defendants Adkins and Taylor do not deny that plaintiff was involved in an altercation with his cellmate on September 26, 2004. *Brief in Support of Defendants Adkins and Taylor's Motion for Summary Judgment p. 2 (hereinafter "Defendants' Brief in Support p. ___").* However, they deny that they were deliberately indifferent to a substantial risk of serious harm to plaintiff. *Id.* These defendants further assert their entitlement to qualified immunity and argue that plaintiff has failed to overcome that entitlement. *Id.* Defendants

further argue that plaintiff has failed to demonstrate any personal involvement on the part of defendant Taylor in the incidents underlying this lawsuit. *Id.*

Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). The question of qualified immunity should be resolved at the earliest possible stage of litigation because it involves an entitlement to immunity from suit. *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); *accord Gibson*, 44 F.3d at 277. The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). If the plaintiff has stated a violation of a constitutional right which was clearly established at the time, the court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The right of an inmate to be protected from assault by other inmates was clearly established at the time of the events giving rise to this lawsuit. *See Farmer v. Brennan*, 511 U.S. 825 (1994). To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer*, 511 U.S. at 834). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the

inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

When evaluating the defense of qualified immunity in the context of a failure-to-protect claim, the court must "determine whether, in light of the facts as viewed in the light most favorable to the plaintiff[], the conduct of the individual defendants was objectively unreasonable when applied against the deliberate indifference standard." *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000). Whether a defendant's conduct was objectively reasonable in light of the subjective standard of deliberate indifference is a question of law for the court to decide. *Id.* Once a defendant has invoked the defense of qualified immunity, the burden shifts to the plaintiff to show that the defense is inapplicable. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To defeat qualified immunity in the instant case, plaintiff must establish that defendants were actually aware of a substantial risk that he would be attacked by his cellmate, and simply disregarded that risk, thereby, acting unreasonably. *See id.* at 395 (citing *Farmer*, 511 U.S. at 846-48).

In his complaint, plaintiff alleges that, on September 22, 2004, defendant Adkins took him into his office where they discussed plaintiff's situation regarding his cellmate, James Prox, who had allegedly threatened plaintiff. Plaintiff states that Adkins told him that he would have defendant Taylor move one of them out of the cell. *Complaint, Attachment p.5.* Plaintiff claims to have again notified Adkins about Prox's threats the next day, yet nothing was done. *Id.* Hamilton claims that

defendant Taylor was notified of the situation by Adkins on September 22, 2004, yet took no action. *Id. at p. 6-7.* Plaintiff alleges that the assault by Prox took place on September 26, 2004. *Id. at p. 8.*

As discussed earlier, to show deliberate indifference, an inmate must demonstrate that a prison official subjectively knew of and disregarded a substantial risk of harm to the inmate. *Farmer*, 511 U.S. at 837. In other words, the guard must actually draw the inference that there is a substantial risk of harm. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. "To sustain his constitutional claim, [the inmate] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993).

While it's unfortunate that inmates sometimes threaten each other with violence, such threats are common in the prison environment. *Newton v. Black*, 133 F.3d 301, 307 (5th Cir. 1998). If action on the part of prison officials was constitutionally required every time a threat was reported, inmates would quickly learn to control the prison environment simply by making threats. In the instant case, plaintiff's allegation that he reported the threats made by his cellmate, without more, does not demonstrate that either Adkins or Taylor actually perceived, and ignored, a substantial risk of harm to plaintiff. Even assuming *arguendo* that plaintiff had demonstrated an excessive risk to his safety, and treating his factual allegations as true, plaintiff has failed to articulate facts or present any summary judgment evidence which could demonstrate that Adkins or Taylor drew the inference

that he faced a risk of harm.[1] Because plaintiff has failed to demonstrate deliberate indifference on the part of Adkins or Taylor, the defendants are entitled to qualified immunity from suit. *See McClendon*, 305 F.3d at 395.

Moreover, plaintiff has failed to show that defendant Taylor was actually involved in the events underlying this action. In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), vacated in part on denial of rehearing, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the incident and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976).

In the case at bar, plaintiff's claim against defendant Taylor arises out of plaintiff's belief that defendant Adkins informed Taylor of the problems plaintiff was having with his cellmate and directed Taylor to move plaintiff or his cellmate to a different cell. *Attachment to Complaint p. 5; Plaintiff's Answer to the Court's Question No. 9.* However, plaintiff has failed to state facts which could demonstrate that Adkins actually spoke to Taylor about the situation or that Taylor had any independent knowledge of an actual risk of harm to plaintiff. Plaintiff states that, on September 23, 2004, Taylor sat on a Unit Classification Committee ("UCC") which denied his request for a classification upgrade. *Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment p. 1.* Plaintiff states that, during the hearing before the UCC, he made the Committee aware of the threats to his safety. *Id.* He states that Warden Mooneyham told him to "get with Taylor and

---

[1] Defendants' summary judgment evidence indicates that plaintiff had a history of threatening to harm his cellmate if he wasn't moved to a different cell. Therefore, it would be reasonable for a prison official to believe such threats alleged by plaintiff were simply an attempt to be relocated to a new cell. *See Appendix 1 to Defendants Adkins and Taylor's Motion for Summary Judgment at pp. 12-15.*

Adkins." *Id.* Even assuming the truth of these statements, plaintiff has failed to demonstrate a subjective belief on the part of Taylor that plaintiff was in any danger.

Plaintiff has failed to allege any conduct on the part of Taylor which could have resulted in a denial of his constitutional rights. His allegations with regard to Taylor are conclusory in nature and, as such, fail to show any constitutional violation. Conclusory allegations are insufficient to state a cognizable claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Taylor was directed to move him or his cellmate, without more, is insufficient to maintain a civil rights claim. Taylor is, therefore, entitled to judgment as a matter of law.

To the extent, if any, that plaintiff is asserting a claim based upon negligence, relief is unavailable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome

of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en

banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that defendants' motion for summary judgment is GRANTED. Plaintiff's claims against David Taylor and Mark Adkins are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The clerk of court shall transmit copies of this order to plaintiff and to counsel for defendants.

SO ORDERED this 9th day of February, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**